UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROMEO C. ALLEN,<br><br>               Plaintiff,<br>    v.<br><br>LONGVIEW POLICE DEPARTMENT,<br><br>               Defendants. | Case No. 3:23-cv-05362-DGE<br><br>ORDER TO SHOW CAUSE, OR TO FILE AN AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's filing of a proposed civil rights complaint. Dkt. 1. Plaintiff is proceeding *pro se* and has filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 3.[1] Having reviewed and screened plaintiff's Proposed Complaint under 28 U.S.C. §1915, the Court declines to serve the Proposed Complaint but provides plaintiff leave to file an amended complaint by June 9, 2023, to cure the deficiencies identified in this Order.

### DISCUSSION

The Court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

---

[1] Because plaintiff's complaint is deficient, the Court will defer ruling on plaintiff's application to proceed IFP until plaintiff files a viable amended complaint.

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 1

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 2

amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, plaintiff alleges violations of his Fourth, Fifth, and Tenth Amendment rights. Dkt. 3-1 at 3. As the basis for these claims, plaintiff asserts he was hand cuffed and kicked in his left leg four times. Dkt. 3-1 at 4. But plaintiff does not identify any individual defendant as the person who committed these acts. The Longview Police Department as an entity, is the only named defendant. The current complaint is subject to dismissal because it does not state a set of facts that would support any plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The sole defendant named in the complaint is Longview Police Department. Dkt. 3-1, at 2. "In order to bring an appropriate action challenging the actions, policies, or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Bradford v. City of Seattle*, 557 F.Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983) (*citing Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990)). Therefore, Longview Police Department is not a proper defendant.

In addition, if plaintiff intends to bring a Section 1983 lawsuit against a city such as Longview, plaintiff would be required to assert facts to state a plausible cause of action against a municipality; a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell v. Dep't. of Social Servs.,* 436 U.S. 658, 690-91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Monell,* 436 U.S. at 694; *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

A municipality "cannot be held liable *solely* because it employs a tortfeasor. . . a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of

those who deal with municipal employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. County. Of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

CONCLUSION

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. If plaintiff intends to pursue this § 1983 civil rights action, they must file an amended complaint **on or before June 9, 2023**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person(s) who violated the right; (3) exactly what each individual defendant did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct. Fed. R. Civ. P. 8(d).

If plaintiff submits an amended complaint, it shall be submitted on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa Cty.,* 693 F.3d 896 (9th Cir. 2012).

Any attachments are evidentiary exhibits in support of plaintiff's allegations, not a substitute for a complaint. Therefore, plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to respond to the Order to Show Cause, or fails to file an amended complaint that adequately address the issues raised herein **on or before June 9, 2023**, the undersigned will recommend dismissal of this action without prejudice.

The Clerk is directed to:

1. Send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint;
2. Send copies of this Order and Pro Se Instruction Sheet to plaintiff;
3. Re-note plaintiff's Motion to Proceed IFP (Dkt. 3) for June 9, 2023.

Dated this 19th day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge