UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROMEO C. ALLEN,<br><br>   Plaintiff,<br><br>   v.<br><br>LONGVIEW POLICE DEPARTMENT,<br><br>   Defendants. | Case No. 3:23-cv-05362-DGE<br><br>ORDER TO SHOW CAUSE, OR TO FILE AN AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's filing of a proposed amended civil rights complaint. Dkt. 6. Plaintiff is proceeding *pro se* and has filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 3.[1] Having reviewed and screened plaintiff's proposed amended complaint under 28 U.S.C. §1915, the Court declines to serve the proposed amended complaint but provides plaintiff leave to file an amended complaint by June 30, 2023, to cure the deficiencies identified in this Order.

## DISCUSSION

The Court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

---

[1] Because plaintiff's complaint is deficient, the Court will defer ruling on plaintiff's application to proceed IFP to allow plaintiff another opportunity to file an amended complaint.

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 1

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Plaintiff's Amended Complaint

The Court issued a prior Order to Show Cause in this case indicating that plaintiff's original complaint was deficient because it named only Longview Police Department as the sole defendant, and it failed to allege any set of facts that would support any plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In response to the Court's order plaintiff filed this amended complaint which names Pattison, Blanton, and

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 3

Benjamin as defendants; the proposed Amended Complaint identifies these three individuals as police officers of Longview Police Department. Dkt. 6 at 2.

    i.      Fourth Amendment Excessive Force

Plaintiff alleges that he was subjected to unlawful excessive force during his arrest. A Fourth Amendment claim of excessive force is analyzed under the standard set forth by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). The analysis is objective; whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them. *Id*. at 397. "A Court…cannot apply this standard mechanically." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Objective reasonableness is determined by the "'facts and circumstances of each particular case.'" *Id*. (citing *Graham*, 490 U.S. at 396). In determining the reasonableness of a seizure effected by non-deadly force, "the nature and quality of the intrusion on the individual's Fourth Amendment interests" should be balanced against "the countervailing governing interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted).

Several considerations may be relevant to this determination including: (1) the relationship between the need for force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether plaintiff was actively resisting. See *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Graham*, 490 U.S. at 396.

Plaintiff alleges that the arresting officer handcuffed and kicked him until he slammed face first into the ground however, "[n]either tackling nor punching a suspect

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 4

to make an arrest necessarily constitutes excessive force." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (citing *Graham,* 490 U.S. at 396). It is not enough for plaintiff to state the harm he incurred in the course of his arrest; he must allege additional facts regarding specifics of his encounter with the defendants – i.e. plaintiff must provide details about the events leading up to the arrest including the incident defendants were responding to, and plaintiff's and defendants' actions before and during the arrest. Without more, plaintiff has not pled sufficient facts to allege that his rights were violated under the reasonableness standard stated above for the purposes of a § 1983 claim.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve plaintiff's proposed amended complaint. If plaintiff intends to pursue this § 1983 civil rights action, they must file an amended complaint **on or before June 30, 2023**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person(s) who violated the right; (3) exactly what each individual defendant did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct. Fed. R. Civ. P. 8(d).

If plaintiff submits an amended complaint, it shall be submitted on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case

number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa Cty.,* 693 F.3d 896 (9th Cir. 2012).

If plaintiff includes attachments with the proposed amended complaint, any attachments would be evidentiary exhibits in support of plaintiff's allegations – not a substitute for a complaint. Therefore, plaintiff is directed to include <u>all allegations and relevant facts in the body of the amended complaint</u>.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to respond to the Order to Show Cause, or fails to file an amended complaint that adequately address the issues raised herein **on or before June 30, 2023**, the undersigned will recommend dismissal of this action without prejudice.

The Clerk is directed to:

1. Send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint;
2. Send copies of this Order and Pro Se Instruction Sheet to plaintiff;
3. Re-note plaintiff's Motion to Proceed IFP (Dkt. 3) for June 30, 2023.

1 | Dated this 14th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE, OR TO FILE AN
AMENDED COMPLAINT - 7